CHANCERY.        *Burnham & Co. vs. Gentrys.*

Case 73.        Error to the Madison Circuit Court; GEO. SHANNON, Judge.

*Usury. Penal bonds. Statutes. Equity.*

June 13.        Judge OWSLEY delivered the Opinion of the Court.

THE GENTRYS borrowed of Burnham & Co. one thousand dollars in notes of the Bank of the Commonwealth, and in consideration thereof executed the following obligation:

On or before the first day of March next, we jointly and severally bind ourselves to pay Thompson Burnham & Co. at their store in Richmond, Ky. one thousand dollars, with legal interest from the date, which may be discharged in notes on the Bank of Kentucky or its branches; value received. Witness our hand and seal this 1st Oct. 1821.

> James H. Gentry, [Seal.]
> David Gentry, [Seal.]

Suit was brought upon this obligation at law, by Burnham & Co. and judgment was thereafter confessed by the Gentrys, for one thousand dollars, with interest and cost.

To be relieved against so much of the judgment as exceeds the value of one thousand dollars in Commonwealth Bank paper, and interest thereon, the Gentrys exhibited their bill in equity, with injunction; and on a final hearing, the circuit court perpetuated the injunction against the judgment, for thirty three hundredths thereof, that being the excess above the value in gold and silver, of the one thousand dollars Commonwealth's Bank paper, received by the Gentrys from Burnham & Co.

*Loan of depreciated bank notes, to be repaid at par in lawful money with legal interest, is usury.*

In whatever point of view the obligation of the Gentrys may be considered, the result will be equally favourable for them. If it be considered as a device resorted to by Burnham & Co. to evade the statute against usury, and the obligation be treated as usurious, it is perfectly clear, that notwithstanding the confession of judgment, the Gentrys, under the law of this country, had a right to resort to a court of equity to be relieved against the usurious interest, and the relief which was decreed is not greater

than, according to the evidence, it should have been, supposing the contract to be usurious.

But if, as the obligation might have been discharged by the Gentrys against the day named therein by the payment of bank paper, the contract be not understood to be usurious, but is considered in the light of a penal bill it is equally clear, that the Gentrys had a right to apply to a court of equity to be relieved against the penalty for which the judgment was confessed. Their right to do so could not be seriously doubted, were it even conceded that they might, by defending the action at law, have prevented a recovery for more than the value of the bank paper by which the obligation might have been discharged For at common law, after a breach of the condition of a penal bill there was no allowable defence by which, in an action for the penalty, the amount of recovery might be reduced below the penalty to the value of the thing mentioned in the condition, and if in such an action the amount of recovery may now be reduced below the penalty, and measured by the value of the thing mentioned in the condition, it must be by an equitable and liberal construction of the provisions of the statute, which requires the assignment of breaches by plaintiffs in actions upon bonds, with collateral conditions; so that the failure of the Gentrys to make the defence at law, cannot have precluded them from applying for relief to a court of equity, whose power to relieve against such penalties has been immemorially acknowledged, and whose jurisdiction in like cases is not admitted to have been taken away by the act alluded to, unless by defence at law the same matter be there drawn in question.

The decree is affirmed, with costs.

*Breck* for plaintiffs; *Turner and Caperton* for defendants.

---

BURNHAM & Co.
vs.
GENTRYS.

Obligor in a penal bond may confess judgment, and then resort to equity for relief against all above what ought to have been assessed for a breach of the condition.